### RACHMIEL v. ARMOUR PACKING CO.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

NEW TRIAL—VERDICT AGAINST EVIDENCE.

Verdict for plaintiff for breach of a contract for future delivery of a car load of eggs may not be set aside as against evidence, there being positive testimony that the contract was made and broken, and no direct evidence to the contrary, even if the contract price was lower than that prevailing at the date of the contract, there being no absolute incredibility in such a sale.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 135–149.]

Appeal from Trial Term, Kings County.

Action by David Rachmiel against the Armour Packing Company. From an order setting aside a verdict and granting a new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Joseph Gans, for appellant.

Philip B. Adams, for respondent.

HIRSCHBERG, P. J. The verdict in favor of the plaintiff was set aside by the learned trial court on the ground that it was against the evidence. The order cannot be upheld, since the evidence was all on the plaintiff's side. The plaintiff sues as the assignee of a claim for damages because of the defendant's failure to deliver a car load of eggs pursuant to a contract of sale. His assignor testified to the making of the contract with one of the defendant's salesmen, which provided for the subsequent delivery of a car load comprising 400 cases, of which only 5 cases were delivered and accepted. The defendant offered no direct evidence in opposition to the proof of the sale, and made no motion for a nonsuit or for the direction of a verdict. The salesman was not in the defendant's employ at the time of the trial, and, although subpœnaed, did not appear as a witness. The only point made on the argument of the appeal in behalf of the respondent is that the contract was an unlikely one, inasmuch as it is claimed that the market price of eggs was higher at the date of the sale than the price at which the plaintiff's assignor claims to have purchased them. But there was evidence by an unimpeached and disinterested witness that on the date of the sale the price was that at which the contract was made, and that it had advanced, at the date agreed upon for delivery, the amount which the jury appears to have awarded as damages. Even were the fact otherwise, there is no absolute incredibility in a sale for future delivery at a lower price than the

prevailing rate at the time of the agreement. The evidence was clearly sufficient, if believed by the jury, to warrant the conclusion that the contract was made and broken, and, in the absence of all evidence to the contrary, the court could not lawfully set the verdict aside on the ground assigned.

The order must be reversed, and the verdict reinstated.

Order setting aside verdict reversed, with costs, and verdict reinstated. All concur, except JENKS, J., not voting.